STATE OF NORTH CAROLINA v. QUINTON MEDLEY

No. 7618SC650

(Filed 2 February 1977)

Criminal Law § 75— absence of Miranda warnings — volunteered statements — substantive evidence

Although the trial court originally ruled that defendant's in-custody statements were inadmissible during the State's case in chief because defendant had not been given the *Miranda* warnings, the court properly allowed the State to present the statements on rebuttal as substantive evidence where the court conducted a second *voir dire* and determined upon supporting evidence that the statements were not the result of custodial interrogation but were volunteered and thus admissible under *Miranda*.

APPEAL by defendant from *Seay, Judge.* Judgment entered 11 March 1976 in Superior Court, GUILFORD County. Heard in Court of Appeals 13 January 1977.

Defendant, Quinton Medley, was charged in a bill of indictment, proper in form, with the first degree murder of Cynthia Little. Upon the defendant's plea of not guilty the State offered evidence tending to show the following:

While at a party on the night of 19 February 1975 defendant entered into a fight with his girl friend, Barbara Little, during which defendant hit Barbara with a broom and she in turn threatened him with a butcher knife. Cynthia Little, Barbara's half-sister, verbally supported Barbara during the fight. Defendant pulled out his pocketknife, threatened to kill Cynthia, and then fatally stabbed her with the knife. Cynthia had no weapon.

Defendant offered evidence tending to show that he pulled out his knife when Barbara threatened him with the butcher knife, that Cynthia then attacked him with a razor, and that she was accidentally stabbed in the ensuing tussle.

Defendant was convicted of second degree murder, and from a judgment imposing a prison sentence of 40 to 50 years, he appealed.

*Attorney General Edmisten by Associate Attorney Nonnie F. Midgette for the State.*

*Frederick G. Lind, Assistant Public Defender for the 18th Judicial District, for the defendant appellant.*

HEDRICK, Judge.

After the defendant was arrested, he was taken to the High Point Police Station where he allegedly stated several times that he killed Cynthia Little and that he meant to do it. In the presentation of its case in chief, the State offered these statements into evidence. The court conducted a voir dire and held that the statements were inadmissible.

After defendant testified that he had accidentally stabbed the deceased, the State on rebuttal again offered the statements into evidence. The court conducted another voir dire to determine the "voluntariness" of the statements. After the voir dire the court made the following findings and conclusions:

"That on the evening of February 19, 1975, following the arrest of the defendant, he was taken to the Criminal Investigation room in the basement of the Municipal Building, which at that time was used as the police headquarters; that in the presence of three High Point Police Officers: Officer Cranford, Officer Collins, and Officer Helmstetler, the handcuffs were removed from the defendant; that in an adjoining room Police Officer Taylor was present with Barbara Little; that the defendant was not questioned; that no threats were made to the defendant, nor were any promises of hope or reward made to the defendant; that the defendant was talking in a loud voice, cursing; that he was looking around the room and was directing some of his remarks to Barbara Little who was about fifteen feet away; that the defendant stated, 'Yes, I stabbed the bitch, I meant to kill the whore;' that he was not worried about anything as he was on the Rockefeller drug program and he was cool and wore fine clothes and silk underwear;

That thereafter, a key was removed from the mouth of the defendant following his refusal to spit out the key; and that the defendant's statements were made in a loud voice using curse words directed at the police officers.

The court finds and determines and concludes from these facts that the statements of the defendant made in the Criminal Investigation Division of the High Point Police Department in the later hours of February 19th, 1975, were *spontaneous and voluntarily made and not pursuant to any questions,* and not as a result of any threats;

that no threats were made to the defendant; that no offer of reward, and no hope of reward or promise of leniency was made to the defendant; and that there is no evidence that can be believed that the defendant was physically abused or threatened in any fashion." (Emphasis added.)

The court then allowed the statements into evidence.

In its charge the court instructed the jury concerning the statements as follows:

"There is some evidence which tends to show that the defendant has made certain statements relating to the crime charged in this case; that is, the statements made in the Criminal Investigation Division room on February 19th; that if you find that the defendant did make these statements then you should consider all the circumstances under which these statements were made in determining whether it was a truthful statement or admission and the weight that you will give to it."

Citing *Harris v. New York,* 401 U.S. 222, 28 L.Ed. 2d 1, 91 S.Ct. 643 (1971), and *State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111 (1972), defendant contends that the court erred in instructing the jury that the alleged statements made by defendant could be considered as substantive evidence because the statements were admissible only for the purposes of impeaching defendant's testimony. We do not agree with defendant's assertion that the alleged statements were admissible only for the purposes of impeachment.

*Harris v. New York, supra,* and *State v. Bryant, supra,* dealt with the admissibility of a statement made by a defendant for impeachment purposes "under circumstances rendering it inadmissible to establish the prosecution's case in chief under *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R. 3d 974 (1966) . . . . " *Harris v. New York, supra,* at 222, 28 L.Ed. 2d at 3. In our opinion, in the present case *Miranda* does not render the statements made by defendant inadmissible in the State's case in chief.

In *Miranda* the Supreme Court was concerned with the admissibility of statements made to the police during "custodial interrogation." The Supreme Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived

of his freedom of action in any significant way." *Id.* at 444, 16 L.Ed. 2d at 706. The Supreme Court stated further:

> "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."
> (Footnote omitted.) *Id.* at 478, 16 L.Ed. 2d at 726.

Our Supreme Court quoted the foregoing with approval in *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208 (1972), in which it held that the defendant's "volunteered" statements were admissible as substantive evidence. See also Annot., 31 A.L.R. 3d 565, 686-691 (1970).

In the present case the court found and concluded that the statements made by defendant "were spontaneous and voluntarily made and not pursuant to any questions. . . ."

Although the trial court originally excluded defendant's statements in the State's case in chief, its unchallenged findings and conclusions made after the subsequent voir dire clearly establish that the statements were not the result of custodial interrogation but were "volunteered," and thus admissible under *Miranda.* We hold the trial court did not err in instructing the jury that the statements could be considered as substantive evidence.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.